FILED

2011 Sep-12  PM 12:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **TERESA WARD KITTRELL,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 7:10-CV-01332-RDP** |
| | } | |
| **ERIC K. SHINSEKI, SECRETARY** | } | |
| **DEPARTMENT OF VETERANS** | } | |
| **AFFAIRS; et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

This matter is before the court on the Federal Defendants'[1] Motion to Dismiss Plaintiff's

"Second Amendment to Original Complaint" (Doc. # 25), or Alternatively, For Summary Judgment

(Doc. # 26), filed July 7, 2011.  For the reasons discussed below, Defendants' Motion is due to be

granted.

## I.     Background

On October 20, 2010, the Federal Defendants filed a Motion to Dismiss For Lack of Subject

Matter Jurisdiction (Doc. # 9) directed at Plaintiff's June 29, 2010 Amended Complaint (Doc. # 6).

In response to that motion, on October 21, 2010, the court notified Plaintiff, who was at that stage

proceeding *pro se*, of the summary judgment rules, of her right to file affidavits or other materials

in opposition to the motion, and of the consequences of default.  (Doc. # 12).  *See McBride v.*

*Sharpe*, 981 F.2d 1234, 1236 (11th Cir. 1993).

---

[1] The individual "Federal Defendants" are Samuel Evans, Stephanie Hendrix, Christy Musser, Evanda Parker, and Kenyetta Leonard.  The court notes that the docket reflects that service was made on Defendant Stephanie Hicks in care of the Department of Veterans Affairs, but that no appearance has been made on her behalf.  However, the analysis of Plaintiff's claims against Ms. Hicks would be the same as the analysis of her claims against the Federal Defendants.  Therefore, for purposes of this decision, no distinction is made between Defendants, referring to the individual Defendants and the "Federal Defendants."  The court's analysis applies equally to the claims against Ms. Hicks.

On April 25, 2011, counsel appeared in this case on behalf of Plaintiff and moved for a thirty-day extension of time to file an amended complaint (Docs. # 19 and 20).  Although, at that time, the Federal Defendants' motion to dismiss (Doc. # 9) had been pending for quite some time, the court allowed Plaintiff an opportunity to amend.  (Doc. # 21).  In granting Plaintiff's Motion for Extension to File Amended Complaint, the court specifically noted that Defendants' motion to dismiss sought dismissal of all of Plaintiff's claims as a matter of law based upon timeliness and/or jurisdictional grounds.  (Doc. # 21).  The court further ordered Plaintiff to include in her amended complaint "specific factual allegations related to jurisdiction, and the timeliness of her EEO filings and the filing of this civil action."  (Doc. # 21).  The court allowed Plaintiff thirty (30) days to file the proposed amended complaint.  (Doc. # 21).

After the expiration of the thirty days allowed, the court entered an order noting Plaintiff's failure to file the amended complaint and ordered that the amended complaint be filed by June 10, 2011 or Plaintiff would face dismissal of her claims.  (Doc. # 22).

Plaintiff filed an amended complaint on June 8, 2011.  However, that amended complaint failed to comply with the court's order that Plaintiff include in her amended complaint "specific factual allegations related to jurisdiction, and the timeliness of her EEO filings and the filing of this civil action." (Doc. # 23).  Therefore, that documents was stricken and Plaintiff and her counsel were allowed one additional opportunity to comply with the court's April 26, 2011 Order.  (Doc. # 24).

On June 22, 2011, Plaintiff filed a Second Amendment to the Original Complaint.  (Doc. # 25).  On July 7, 2011, in response to that amended pleading, Defendants filed the pending Motion to Dismiss Plaintiff's "Second Amendment to Original Complaint", or Alternatively, For Summary Judgment (Doc. # 26), supporting Memorandum of Law (Doc. # 27), and Submission of Evidence (Doc. # 28).  Although  Appendix II to the court's October 28, 2010 ALND Uniform Initial Order

Governing All Further Proceedings (Doc. # 13) sets forth the court's Summary Judgment Requirements, including its standard briefing schedule which specifies that any opposition to a motion for summary judgment is due twenty-one (21) days after the motion is filed, (Doc. # 13 at p. 13), Plaintiff failed to respond to Defendants' Motion. In accordance with the court's October 28, 2010 Uniform Initial Order (Doc. # 13), Defendant's Motion (Doc. # 26) came under submission on August 11, 2011.

In the Eleventh Circuit, a district court cannot grant a motion for summary judgment as a sanction for failure to properly respond. *See Trustees of Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Employers v. Wolf Crane Serv., Inc.*, 374 F.3d 1035, 1039 (11th Cir. 2004). Rather, the court must make an independent review of the record before deciding whether Defendants' motion is due to be granted. However, it must be noted that "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995).

The court has reviewed the motion (Doc. # 26), the Memorandum of Law in support thereof (Doc. # 27), and the referenced portions of the Evidentiary Material filed in support of the motion (Doc. # 28). The court finds that Defendants have carried their burden of demonstrating the absence of any material factual dispute and that they are entitled to judgment as a matter of law as to all claims asserted in the Second Amendment to Original Complaint.

## II.    Facts

Plaintiff Teresa Ward-Kittrell, is a former probationary Nursing Assistant employed by the Birmingham VA Medical Center (BVAMC). (Doc. # 1 at 28).

Plaintiff attended new employee orientation on August 5, 2008. (Doc. # 28-5 at 1). The new employee orientation included a discussion of the Equal Employment Opportunity ("EEO") complaint process, including appropriate filing time frames. (Doc. # 28-5 at 9-10). Additionally, information regarding EEO complaint filing time frames is also available on BVAMC's website on the EEO page, within certain policies, and on the official ground floor bulletin board at the Medical Center. (*Id;* Doc. # 28-4 at 4).

During the new employee EEO training, employees were advised that if they believed that they have been subjected to discrimination, they must contact an Office of Resolution Management ("ORM") EEO counselor within 45 days of the alleged discrimination. (Doc. # 28-4 at 2-4). New employees were further advised that failure to contact the EEO counselor within 45 days could result in the EEO complaint being dismissed as untimely. (*Id.*).

The new employee EEO training also addressed the fact that BVAMC employees are covered by a collective bargaining agreement ("CBA") with the American Federation of Government Employees ("AFGE"). (Doc. # 28-4 at 4). Section 3 of the CBA between the VA and the AFGE provides that actions based on unsatisfactory performance, claims of adverse actions, and claims of discrimination may be filed either under the statutory EEO procedure or as a negotiated grievance, but not both. (Doc. # 28-1 at 25). The new employee training also covered the alternative avenues available address an employment dispute: an EEO complaint; an OSC complaint, an MSPB complaint; or a grievance with the Union under the CBA. (Doc. # 28-4 at 4). New employees were cautioned in this training, that whatever avenue they choose to address their complaint would be the *exclusive* avenue. (*Id.*). That is, new hires were advised that once they elect to pursue one avenue, the others would be precluded. (*Id.*).

After a series of events occurring during the period December 2008 through February 2009 (Doc. # 6 at 2-4), on February 19, 2009, Plaintiff received notice that she would be terminated from her position as a Nursing Assistant at the BVMAC effective March 5, 2009, during her probationary period, for "several incidents of unacceptable work performance."  (Doc. # 28-1 at 5-6).

On March 9, 2009, Plaintiff and the AFGE initiated a Step 2 union grievance regarding Plaintiff's termination.  (Doc. # 28-1 at 15).  The Step 2 grievance was denied.  (Doc. # 28-1 at 17).  Thereafter, on March 23, 2009, Plaintiff and the AFGE pursued a Step 3 grievance regarding Plaintiff's termination.  (Doc. # 28-1 at 19).  On April 9, 2009, the Step 3 grievance was also denied. (Doc. # 28-1 at 21).

On June 10, 2009, Plaintiff filed a Complaint of Employment Discrimination regarding her termination with the ORM.  (Doc. # 28-2 at 5).  In her Complaint, Plaintiff listed the date of the most recent discriminatory event as April 10, 2009.  (Doc. # 28-2 at 5).  Plaintiff also lists the date of her initial contact with the ORM as April 17, 2009.  (Doc. # 28-2 at 5; Doc. # 6 at 7).  In her ORM Complaint, Plaintiff denies having filed a grievance regarding her termination.  (Doc. # 28-2 at 5).

The ORM determined that Plaintiff's complaint of discrimination raised the following issues:

      1.     On January 7, 2009, Plaintiff received written counseling in which she was charged with leaving patients unattended; absent without leave ("AWOL") and inappropriate behavior.

      2.     On February 19, 2009, and previously, Plaintiff was not given the opportunity to speak with Samuel Evans, Chief of Human Resources, before he issued her termination notice.

      3.     In February 2009, Plaintiff was not informed of her right to an attorney.

      4.     In February 2009, Plaintiff was not informed of the deadline to file an appeal of her termination.

      5.     In February 2009, Plaintiff's work schedule was changed several times.

5

      6.      In February 2009, Plaintiff was not paid overtime.

      7.      In February 2009, Plaintiff alleges that the Nurse Manager encouraged the Charge Nurse to write false statements about Plaintiff.

      8.      In March 2009, Plaintiff was subjected to unfair labor practices.

      9.      Effective March 5, 2009, Plaintiff's employment was terminated during her probationary period.

(Doc. # 28-2 at 8).

The ORM's Final Agency Decision dismissed Claims 1-7 because Plaintiff failed to initiate contact with an EEO counselor within 45 days of each alleged event.  Claim 8 was dismissed because the EEOC lacks jurisdiction over unfair labor practice charges.  Claim 9 was dismissed because Plaintiff chose to file a grievance regarding her termination.  (Doc. # 28-2 at 8-11).  On February 19, 2010, the EEOC Office of Federal Operations affirmed the ORM's Final Agency Decision.  (Doc. # 28-3 at 4).

## III.    Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* 249.

## IV.    Discussion

### A.    Plaintiff's Claims

Even after two amendments, with the assistance of counsel, Plaintiff's Complaint, as amended, is far from a model of clarity. As best the court can determine from a close review of the various iterations of the Complaint, Plaintiff appears to state the following claims:

1.    Count One - Age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1)  (Docs. # 23 and # 25);[2]

2.    Count Two - Race and/or Gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.  (Docs. # 23 and 25);

---

[2]  Defendants argue that Counts One, Three, and Four are barred by the doctrine of sovereign immunity because there has not been an applicable waiver of sovereign immunity under the applicable laws under which those claims are brought. (Doc. # 27 at 9-10). The court has its doubts regarding this argument. For example, Count One is Plaintiff's ADEA claim. Defendants argue that there has not been a waiver of sovereign immunity under the ADEA. However, in *Dowlen v. Secretary of Veterans Affairs*, 288 Fed.Appx 572, 578 (11th Cir. 2008), the Eleventh Circuit granted summary judgment to the defendant *on the merits of* an age discrimination claim against the Department of Veterans Affairs. Thus, the existence of this decision begs the question why the Department did not raise a sovereign immunity defense as to Dowlen's ADEA claim. However, resolution of this issue is unnecessary because Defendants are entitled to summary judgment on other grounds.

3.      Count Three - Prohibited Personnel Practices in violation of 5 U.S.C. § 2302(b)(1) -

(b)(12)  (Docs. # 23 and 25);

4.      Count Four - Violation of FLRA Fair and Just Negotiations under the "Fair Labor

Relations Authority" (Docs. # 23 and 25); and

5.      Count Five - Violation of Federal Sector Equal Employment Opportunity Policy, 29

C.F.R. § 1614 (Docs. # 23 and 25).

### B.      There is Only One Proper Defendant

Eric K. Shinseki, as the Secretary of Veteran's Affairs, is the only proper defendant in this

action.  The head of the agency is the only appropriate defendant in a federal sector discrimination

case, and that is the case with respect to Plaintiff's Title VII claim (Count One), *Canino v. EEOC*,

707 F.2d 468, 472 (11th Cir. 1983), as well as her ADEA claim (Count Two), *Ellis v. United States*

*Postal Service*, 784 F.2d 835, 838 (7th Cir. 1986).  By their terms, Counts Three, Four and Five are

only stated against Shinseki and the Veteran's Administration.  (Doc. # 25 at 4-5).  Therefore, all

Defendants other than Shinseki as the head of the VA are due to be dismissed from this case.

### D.      Plaintiff Failed to Exhaust Administrative Prerequisites for Any Claims Under Counts One, Two and Five Related to Employment Actions Prior to Her Termination

Counts One, Two and Five of Plaintiff's Complaint, as amended, all require an employee to

initiate contact with an EEO officer within 45-days of the effective date of the challenged

employment action.  29 C.F.R. § 1614.105(a)(1) *Gaillard v. Shinseki*, 349 Fed.Appx. 391, 391 (11th

Cir. 2009) (an "aggrieved federal employee 'must initiate contact with a Counselor within 45 days

of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45

days of the effective date of the action.'"); *Thomas v. Miami Veterans Medical Center*, 290

Fed.Appx. 317, 318 (11th Cir. 2008).  ("Federal sector employees who believe that they have been

subject to discrimination must initiate contact with an EEOC counselor within 45 days of the effective date of a personnel action. *See* 29 C.F.R. § 1614.105(a)(1).").

It is undisputed that Plaintiff first made contact with an EEO officer on April 17, 2009. (Doc. # 28-2 at 5; Doc. # 6 at 7). Therefore, her discrimination claims relating to any decisions before March 3, 2011 are time barred due to Plaintiff's failure to exhaust her administrative remedies in a timely manner. *Gaillard*, 349 Fed.Appx. at 391; *Thomas*, 290 Fed.Appx. at 318. This failure, therefore, bars any claims arising prior to her termination which was effective March 5, 2009. (Doc. # 28-1 at 5-6).

Admittedly, "[i]f the employee shows that he was not notified or otherwise aware of the time limits, then he may seek an extension of the 45 day period." *Gaillard*, 349 Fed.Appx. at 391(citing 29 C.F.R. § 1614.105(a)(2)). Although in response to Defendants' prior Motion to Dismiss, Plaintiff claimed that she was not informed of her rights to challenge the employment decisions at issue, the record evidence before the court establishes that Plaintiff was informed of the alternative, exclusive avenues available address an employment dispute: an EEO complaint, an OSC complaint, an MSPB complaint, or a grievance with the Union pursuant to the CBA. (Doc. # 28-4 at 4). The record evidence also establishes that Plaintiff was informed of the 45-day time limit for initiating contact with an EEO officer in her new employee training. (Doc. # 28-4 at 2-4). Therefore, an extension of the 45-day time period is simply not warranted in this case. Defendant is entitled to summary judgment on Counts One, Two and Five as it relates to all employment decisions prior to the termination of Plaintiff's employment because Plaintiff failed to initiate contact with an EEO officer within 45 days of these employment actions.

**E.**   **Plaintiff's Claims Relating to the Termination of Her Employment Under Counts One, Two and Five, and Her Prohibited Personnel Practices Claim Under Count Three Pursuant to 5 U.S.C. § 2302(b)(1) Are Barred Due to the Filing of Her Grievance**

Section 3 of the CBA between the VA and the AFGE provides that claims of discrimination may be filed either under the statutory EEO procedure or as a negotiated grievance, but not both. (Doc. # 28-1 at 25).  Agency regulations promulgated by the EEOC provide that "an aggrieved employee who files a grievance with an agency whose negotiated agreement permits the acceptance of grievances which allege discrimination may not thereafter file a complaint on the same matter under this part." 29 C.F.R. § 1614.301(a).  Thus, Counts One, Two and Five as they relate to Plaintiff's termination are barred by the filing of her grievance.

The same is true with respect to Plaintiff's claim contained in Count Three filed under 5 U.S.C. § 2302(b)(1).  The Federal Labor-Management Relations Act, 5 U.S.C. § 7121(d), provides that an aggrieved federal employee affected by a "prohibited personnel practice" under 5 U.S.C. § 2302(b)(1)(which includes discrimination), and which also falls under the coverage of the negotiated grievance procedure, "'may raise the matter under a statutory procedure or the negotiated procedure, but not both.'"  *Frasure v. Principi*, 367 F.Supp.2d 245, 252 (D.Conn. 2005) (citing 5 U.S.C. § 7121(d)).

Plaintiff and the AFGE filed a Step 2 grievance regarding Plaintiff's termination on March 9, 2009.  (Doc. # 28-1 at 15).  The Step 2 grievance was denied.  (Doc. # 28-1 at 17).  Thereafter, on March 23, 2009, Plaintiff and the AFGE pursued a Step 3 grievance regarding her termination. (Doc. # 28-1 at 19).  The Step 3 grievance was denied on April 9, 2009.  (Doc. # 28-1 at 21). Plaintiff did not prosecute her grievance any further.

Here, Plaintiff elected to pursue her claims related to her termination through a union-negotiated grievance process.  (Doc. # 28-1 at 15).  This "election [of the grievance process]

is irrevocable." *Lee v. Department of Veterans Affairs*, 47 Fed.Appx. 472, 476 (5th Cir. 2007) (citing *Maddox v. Runyon*, 139 F.3d 1017, 1021 (5th Cir. 1998) (in turn citing in part 5 U.S.C. § 7121(d))).  Because Plaintiff chose to use the grievance process to challenge her termination, she is foreclosed from pursuing her termination claims in this court.  It follows, therefore, Defendant is entitled to summary judgment on Counts One, Two, Three and Five.

### F. Count Four of Plaintiff's Complaint, As Amended, Which Alleges a Violation of Fair and Just Negotiations under the Fair Labor Relations Authority Fails to State a Claim

To say that it is unclear what cause of action Plaintiff is attempting to assert under Count Four would be an understatement. Plaintiff herself has characterized this claim as an "unfair labor practice" claim.  (Doc. # 17 at 3).  To the extent that Plaintiff attempts to state a claim against her former employer for an unfair labor practice, that claim lies within the exclusive jurisdiction of the National Labor Relations Board.  Although this court might have subject matter jurisdiction over a fair representation claim against Plaintiff's Union, she has not named the AFGE as a defendant in this case. *See* 29 U.S.C. § 160; *see also San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245 (1959).

Plaintiff's counsel appears to discuss this claim as if the "Fair Labor Relations Authority" is an act or law which establishes certain causes of action.  In fact, the "FLRA is an independent administrative federal agency that was created by Title VII of the Civil Service Reform Act of 1978 (also known as the Federal Service Labor-Management Relations Statute) (the Statute). The Statute allows certain non-postal federal employees to organize, bargain collectively, and to participate through labor organizations of their choice in decisions affecting their working lives." (www.flra.gov 9.1.2011).  One of the primary statutory responsibilities of the FLRA is to resolve complaints of unfair labor practices (ULP). (*Id.*; http://www.opm.gov/lmr/glossary/glossaryf.asp

9.1.2011).  The Authority's General Counsel investigates ULP charges and decides whether to issue and prosecute ULP complaints. (http://www.opm.gov/lmr/glossary/glossaryf.asp 9.1.2011).

Plaintiff does not allege that she filed a claim or unfair labor practice charge with the FLRA. Therefore, Count Four fails to state a claim as a matter of law.

## V.    CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss Plaintiff's "Second Amendment to Original Complaint" or Alternatively, For Summary Judgment (Doc. # 26) is due to be granted. The court will enter a separate order granting the motion.

DONE and ORDERED this _____12th_____ day of September, 2011

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE